IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

CLAUDIUS FINCHER,

                Defendant.

OPINION & ORDER

17-cr-96-jdp

---

Defendant Claudius Fincher pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. This crime carries a mandatory minimum penalty of five years in prison unless Fincher qualifies for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a).

Fincher asks for a presentencing ruling on two closely related issues: (1) whether he is subject to the guideline enhancement for possession of a dangerous weapon under U.S.S.G § 2D1.1(b)(1); and (2) whether he is eligible for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). Dkt. 50. Both the enhancement and the safety valve raise the same basic question for the purpose of this case, which is whether the defendant possessed a dangerous weapon "in connection with" the charged crime. *United States v. Rea*, 621 F.3d 595, 606 (7th Cir. 2010); *United States v. Galbraith*, 200 F. 3d 1006, 1016 (7th Cir 2000).[1]

The only real difference between the provisions in the context of this case relates to the burden of proof. Under § 2D1.1(b)(1), the government has the initial burden to prove by a

---

[1] The safety valve provision includes several other requirements, but the others do not appear to be seriously disputed. And it is unnecessary to consider them in any event in light of my conclusion regarding Fincher's possession of a dangerous weapon.

preponderance of the evidence that Fincher possessed the firearm, but if the government makes that showing, the burden shifts to Fincher to show that it was "clearly improbable" that the weapon was connected to the drug offense. *Rea*, 621 F.3d at 606. Under § 5C1.2(a) and § 3553(f), Fincher has the burden to prove by a preponderance of the evidence that he did not possess a dangerous weapon in connection with the offense *United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir 2000).

Fincher does not dispute that the government has met its burden under § 2D1.1(b)(1) and the court concludes that it has. Fincher's DNA was on the firearm found in the apartment used to store drugs that Fincher conspired to distribute.

The dispute is whether Fincher has met his burden to show that he did not possess the weapon "in connection with" the drug offense. Because Fincher's burden is lighter under § 5C1.2(a) and § 3553(f) than it is under § 2D1.1(b)(1), *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017), the court will focus on whether Fincher has shown that he is entitled to the benefit of the safety valve.

Fincher begins with a preliminary issue: he contends that this court does not have the authority to find facts concerning safety valve eligibility because safety valve eligibility affects the minimum sentence to which Fincher would be exposed. Fincher argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), any fact (other than a prior conviction) that affects the statutory sentencing range must be found by a jury. So, Fincher argues, safety valve eligibility involves facts that affect his sentencing range and he is entitled to have them found by a jury if he does not admit them. The Seventh Circuit has not decided the issue. The only courts to have done so have concluded that safety valve eligibility does not increase a mandatory minimum sentence thus does not implicate the right

to a jury trial under *Apprendi* and *Alleyne*. *See United States v. Harakaly*, 734 F. 3d 88, 97–98 (1st Cir. 2013), and *United States v. Lizarraga-Carrizales*, 757 F. 3d 995, 997–99 (9th Cir. 2014). These two decisions are well-reasoned, and in the complete absence of contrary authority, I will follow them.

Safety valve eligibility provides an opportunity for some defendants to get relief from a congressionally established mandatory minimum sentence. In determining safety valve eligibility, a district court is not finding facts that increase the defendant's criminal exposure. And, as explained in *Harakaly*, Fincher's view poses difficult practical problems: the government would have to charge and prove the lack of safety valve eligibility before the defendant enters a plea. The point is not completely beyond reasonable argument; and Fincher has preserved the issue for appeal. But I'll follow *Harakaly* and find the facts necessary to determine whether Fincher is entitled to safety valve relief. And because Fincher has not requested an evidentiary hearing, I will assume that the universe of facts and evidence that I may consider are set out in the presentence report.

As a starting point, it is important to identify the drug offense at issue, which is conspiring to possess with intent to distribute and to distribute heroin. So the offense is broader than specific acts of distribution, during which Fincher did not carry the firearm. In other words, Fincher could have possessed the firearm "in connection with" with the conspiracy even if he wasn't carrying the firearm at the time of a drug sale.

Both sides focus their arguments on the physical proximity of the firearm to the drug stash. The drugs were stored in a closet in the bedroom and the gun was in a kitchen drawer. Fincher suggests that the facts of this case are similar to the example provided in the guidelines of a firearm *not* connected to a drug crime: "the enhancement would not be applied if the

3

defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, Application Note 11. Fincher also points out that he did not take the firearm with him when he and his co-defendant went out to deal drugs and that there is no evidence that any drug transactions took place at the apartment where the firearm was found.

There are important differences between the facts of this case and the example provided in the guidelines. The firearm is not a hunting weapon, so the type of firearm does not suggest that it had a purpose unrelated to the drug offense. And ammunition for the firearm was found in the closet where the drugs were stored, which undermines the argument based on spatial proximity. In any event, proximity is one factor, but on its own it is not decisive.

The facts and evidence as a whole suggest that the firearm was connected to Fincher's drug offense. First, if one wanted to use handgun to protect a stash of money and drugs, it would make sense to keep the handgun readily accessible, not hidden and locked away with the drugs. Second, the apartment itself is not Fincher's primary residence. The apartment was not rented by Fincher or his co-defendant, but by a woman who resides in Chicago. And the things found in the apartment suggest that it was used by several men, not just Fincher. The apartment appears to be a temporary residence that Fincher and his co-defendant, and perhaps others, used as the base of their drug-dealing operation. These facts support a view that Fincher possessed the firearm because of the conspiracy and not for a personal reason unrelated to the drug operation. Third, the firearm was loaded, which suggests that it was ready for immediate use to protect the drug operation. Finally, Fincher has not provided any evidence to suggest any use for the firearm other than to protect the drug operation and its participants.

These facts may leave some room for doubt as to whether Fincher possessed the firearm in connection with the drug conspiracy. But that is not the standard. For the reasons cited

4

above, I find that Fincher has failed to show by a preponderance of the evidence that he did not possess the handgun in connection with his drug offense. As a result, Fincher is subject to the guideline enhancement for possession of a dangerous weapon under U.S.S.G § 2D1.1(b)(1) and is not eligible for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a).

ORDER

IT IS ORDERED that defendant Claudius Fincher is subject to the guideline enhancement for possession of a dangerous weapon under U.S.S.G § 2D1.1(b)(1) and is not eligible for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a).

Entered June 22, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge